IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANITA MARTINEZ,<br><br>        Plaintiff,<br><br>v.<br><br>GREYHOUND LINES, INC., and<br>DOES 1-25, inclusive,<br><br>        Defendants. | CASE NO. 1:06-cv-0424 AWI TAG<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE AND VACATING INITIAL SCHEDULING CONFERENCE** |

      The parties in this matter have stipulated to dismiss the above-captioned action without prejudice (Doc. 10).  The parties seek dismissal of this action pursuant to Rule 41(a) of the Federal Rules of Civil Procedure.  Rule 41(a)(1), in relevant part, reads:

      an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action.  Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim.

      Although a stipulation for dismissal has been filed, Rule 41(a)(1)(i) allows a plaintiff to dismiss an action voluntarily, by notice, prior to service of an answer or a motion for summary judgment.  This rule extends as fully to cases removed from a state court, as here, as it does to cases commenced in a federal court.  E.g., <u>Wilson v. City of San Jose</u>, 111 F.3d 688, 692 (9th Cir. 1997).  Rule 41(a)(1)(i) appears applicable in this matter insofar as there is no indication in the record of an answer or motion for summary judgment having been filed, whether in state or federal court.

      After service of an answer, and pursuant to Rule 41(a)(1)(ii), dismissal may be effected via the filing a written stipulation to dismiss signed by all of the parties who have appeared, although an oral stipulation in open court will also suffice.  <u>Carter v. Beverly Hills Sav. & Loan Assoc.</u>, 884 F.2d

1

1186, 1191 (9th Cir. 1989); <u>Eitel v. McCool</u>, 782 F.2d 1470, 1472-73 (9th Cir. 1986).  Once the stipulation between the parties who have appeared is properly filed or made in open court, no order of the court is necessary to effectuate dismissal.  Fed. R. Civ. P. 41(a)(1)(ii).  <u>Eitel</u>, 782 F.2d at 1473 n.4.

      Regardless of whether Rule 41(a)(1)(i) or Rule 41(a)(1)(ii) applies, given that Plaintiff has filed a stipulation for dismissal without prejudice as to all parties sufficient under Rule 41(a)(1)(ii), this case has terminated.  <u>See</u> Fed. R. Civ. P. 41(a)(1)(ii); <u>In re Wolf</u>, 842 F.2d 464, 466 (D.C. Cir. 1988); <u>Gardiner v. A.H. Robins Co.</u>, 747 F.2d 1180, 1189 (8th Cir. 1984); <u>see also</u> <u>Gambale v. Deutsche Bank AG</u>, 377 F.3d 133, 139 (2d Cir. 2004); <u>Commercial Space Mgmt. v. Boeing.</u>, 193 F.3d 1074, 1077 (9th Cir. 1999); <u>cf</u>. <u>Wilson</u>, 111 F.3d 688, 692 (9th Cir. 1997).

      Therefore, IT IS HEREBY ORDERED that:

1. This matter is DISMISSED without prejudice.
2. An Initial Scheduling Conference set for July 12, 2006 at 9:00 a.m. (Doc. 7) is VACATED.

IT IS SO ORDERED.

**Dated:   April 28, 2006**                         **/s/ Anthony W. Ishii**
0m8i78                                          UNITED STATES DISTRICT JUDGE